UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61999-CIV-ROSENBAUM/SELTZER

REBECCA WURZBACH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

## ORDER DENYING MOTION TO APPEAR *PRO HAC VICE*

    This matter is before the Court on the Motion of Julie L. Glover, Esq., seeking to appear *pro hac vice* as counsel for Plaintiff [D.E. 8] . In her Motion, Ms. Glover requests relief from the Local Rules of this Court that require counsel appearing pro hac vice to designate a member of the bar of this Court as co-counsel. Rule 4(c), Special Rules Governing the Admission and Practice of Attorneys, S.D. Fla. Ms. Glover advances two reasons justifying her request. First, Ms. Glover has represented Plaintiff in the administrative proceedings and therefore is familiar with the case. Second, Ms. Glover contends that requiring Plaintiff to find local counsel would cause an undue hardship because fewer counsel are willing to undertake similar cases in the wake of the United States Supreme Court's decision in *Ratliff v. Astrue*, 130 S. Ct. 2521 (2010).

    The requirement that *pro hac vice* counsel retain local counsel is not one merely of convenience. Rather, the requirement goes to the heart of the Court's ability to manage litigation, to ensure that parties' interests will be faithfully represented throughout the proceedings, and to enforce the rules of this Court on officers of this Court. While the local counsel requirement may

be waived on a showing of good cause, Ms. Glover has not demonstrated the necessity of departing from the Court's rules.  Her familiarity with Plaintiff's case is something that would be required of all counsel appearing before this Court and is not an independent basis for waiving the rules.  And while Ms. Glover speculates that designating local counsel would present an undue hardship, she has not demonstrated that she has in fact even attempted to retain local counsel admitted to practice before this Court.  Without some demonstration of diligence on Ms. Glover's part, this Court cannot find good cause to waive the local counsel requirement.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Appear *Pro Hac Vice*, Request for Relief from the Requirement of Local Counsel, and Request to Electronically Receive Notices of Electronic Filing [D.E. 8] is **DENIED**.  Plaintiff has **20 days** from the date of this Order to enlist local counsel, at which time, she can renew Ms. Glover's motion to appear *pro hac vice*.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 16th day of October 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATED DISTRICT JUDGE

Copies to:

Counsel of record

Rebecca Wurzbach
   c/o Julie L. Glover, Esq.
P.O. Box 836170
Richardson, TX 75083